UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NOSAKHARE ONUMONU #303121,

                Plaintiff,                                    Hon. Hala Y. Jarbou

v.                                                  Case No. 1:20-cv-816

MICHIGAN DEPARTMENT OF
CORRECTIONS, et al.,

                Defendants.

_____/

## REPORT AND RECOMMENDATION

      This matter is before me on Defendant Ray Wilson's Motion for Summary Judgment based on Plaintiff's failure to exhaust his administrative remedies. (ECF No. 47.) The motion is fully briefed and ready for decision. Pursuant to 28 U.S.C. § 636(b)(1)(B), I recommend that the motion be **GRANTED**.

## BACKGROUND

      Plaintiff, a prisoner currently incarcerated with the Michigan Department of Corrections (MDOC) at the Ionia Correctional Facility (ICF), sued several MDOC employees pursuant to 42 U.S.C. § 1983 based on events that occurred at ICF during 2018. Following initial review pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c), Plaintiff's remaining claims in this case are that Defendants Bledsoe, Wilson, Floyd, Tunnel, Betterly, Downing, and Unknown Parties ## 1–4 retaliated against him in violation of the First Amendment.

      Plaintiff alleges that on April 7, 2018, he mailed a Prison Rape Elimination Act (PREA) complaint to the MDOC Internal Affairs Department complaining about two strip searches that Defendant Wilson performed on March 26, 2018, and April 5, 2018. Plaintiff alleges that on June

10, 2018, after his filing of the PREA grievance, Defendant Sgt. Bledsoe directed Defendants Betterly, Floyd, Tunnel, Downing, and Unknown Officers ## 1–4 to stand outside the visiting room where Plaintiff was visiting with his parents. Plaintiff alleges that during the visit, these Defendants pointed their shotguns at Plaintiff and his parents and that their actions were in retaliation for Plaintiff filing the PREA complaint against Defendant Wilson. Plaintiff further alleges that Defendant Wilson subjected him to further retaliatory strip searches because he complained about the initial searches in the PREA complaint.

## SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate if there is no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). Material facts are facts that are defined by substantive law and are necessary to apply the law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute is genuine if a reasonable jury could return judgment for the non-moving party. *Id.*

The court must draw all inferences in a light most favorable to the non-moving party but may grant summary judgment when "the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." *Agristor Fin. Corp. v. Van Sickle*, 967 F.2d 233, 236 (6th Cir. 1992) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)).

While a moving party without the burden of proof need only show that the opponent cannot sustain his burden at trial, a moving party with the burden of proof faces a "substantially higher hurdle." *Arnett v. Myers*, 281 F.3d 552, 561 (6th Cir. 2002). Where the moving party has the burden, "his showing must be sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986). The Sixth Circuit has emphasized that the party with the burden of proof "must show that the record contains evidence satisfying the burden of persuasion and that the evidence is so

2

powerful that no reasonable jury would be free to disbelieve it." *Arnett*, 281 F.3d at 561 (quoting *Cockrel v. Shelby Cty. Sch. Dist.*, 270 F.3d 1036, 1056 (6th Cir. 2001)). Accordingly, summary judgment in favor of the party with the burden of persuasion "is inappropriate when the evidence is susceptible of different interpretations or inferences by the trier of fact." *Hunt v. Cromartie*, 526 U.S. 541, 553 (1999).

## ANALYSIS

Pursuant to 42 U.S.C. § 1997e(a), a prisoner must exhaust all available administrative remedies before filing a lawsuit with respect to prison conditions under 42 U.S.C. § 1983. *See Porter v. Nussle*, 534 U.S. 516, 524 (2002). Prisoners are no longer required to demonstrate exhaustion in their complaints. *See Jones v. Bock*, 549 U.S. 199, 216 (2007). Instead, failure to exhaust administrative remedies is "an affirmative defense under the PLRA," which the defendant bears the burden of establishing. *Id*. With respect to what constitutes proper exhaustion, the Supreme Court has stated that "the PLRA exhaustion requirement requires proper exhaustion," defined as "compliance with an agency's deadlines and other critical procedural rules." *Woodford v. Ngo*, 548 U.S. 81, 90-93 (2006). In *Jones*, the Court reiterated:

> Compliance with prison grievance procedures, therefore, is all that is required by the PLRA to "properly exhaust." The level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion.

*Jones*, 549 U.S. at 218.

MDOC Policy Directive 03.02.130 sets forth the applicable grievance procedure for prisoners in MDOC custody. Prior to submitting a grievance, a prisoner is required to "attempt to resolve the issue with the staff member involved within two business days after becoming aware of a grievable issue, unless prevented by circumstances beyond his/her control or if the issue falls within the jurisdiction of the Internal Affairs Division in Operations Support Administration."

Mich. Dep't of Corr. Policy Directive 03.02.130 ¶ P. If this attempt is unsuccessful (or is inapplicable), the prisoner may submit a Step I grievance. *Id.* The Step I grievance must be submitted within five business days after attempting to resolve the matter with staff. *Id.* at ¶ V. The issues asserted in a grievance "should be stated briefly but concisely," and the "[d]ates, times, places, and names of all those involved in the issue being grieved are to be included." *Id.* at ¶ R.

If the prisoner is dissatisfied with the Step I response, or does not receive a timely response, he may appeal to Step II within ten business days of the response, or if no response was received, within ten business days after the response was due. *Id.* at ¶ BB. If the prisoner is dissatisfied with the Step II response, or does not receive a timely Step II response, he may appeal the matter to Step III. *Id.* at ¶ FF. The Step III grievance must be submitted within ten business days after receiving the Step II response, or if no Step II response was received, within ten business days after the date the Step II response was due. *Id.*

In support of his motion, Defendant Wilson attaches a Step III Grievance Report showing grievances that Plaintiff exhausted through Step III during the relevant time period. (ECF No. 48-3 at PageID.229.) The report shows that Plaintiff filed one Step III grievance in 2018, which was received at Step II on July 24, 2018. (*Id.* at PageID.230.) That grievance, ICF-18-06-0899-17Z (the 0899 Grievance), complained about the June 10, 2018 shotgun incident involving Defendants Betterly, Downing, Tunnel, and four other unknown officers and an unidentified sergeant. (*Id.* at PageID.236.) Plaintiff asserted that use of the shotguns was an intimidation tactic in response for the PREA complaint against Defendant Wilson. (*Id.*) Defendant Wilson, who was not involved in the shotgun incident, contends that the 0899 Grievance did not exhaust Plaintiff's claim that Wilson subjected Plaintiff to shakedowns in retaliation for the PREA grievance.

In his response, Plaintiff argues that his April 7, 2018 PREA complaint exhausted his claim against Defendant Wilson. (ECF No. 49 at PageID.239.) But the PREA complaint—filed before the alleged retaliatory shakedowns occurred—could not have exhausted a retaliation claim against Defendant Wilson for adverse action taken in response to the PREA complaint. *See Glenn v. Lamp*, No. 1:19-cv-803, 2021 WL 3293632, at *3 (W.D. Mich. June 28, 2021), *report and recommendation adopted*, 2021 WL 3287763 (W.D. Mich. Aug. 2, 2021) (stating that while the plaintiff's kite complaining about the defendant might have satisfied the protected conduct element of a retaliation claim, it could not have exhausted the claim because exhaustion presents a separate issue).

Accordingly, Defendant Wilson has properly discharged his summary judgment burden on exhaustion showing that there is no genuine issue of material fact that Plaintiff did not exhaust his retaliation claim against Defendant Wilson.

## CONCLUSION

For the foregoing reasons, I recommend that the Court **grant** Defendant Wilson's motion (ECF No. 47) and **dismiss** Plaintiff's claim against Defendant Wilson **without prejudice**.

Dated: March 8, 2022                                    /s/ Sally J. Berens
                                                        SALLY J. BERENS
                                                        U.S. Magistrate Judge

## NOTICE

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within 14 days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).