UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NOSAKHARE ONUMONU,

    Plaintiff,

v.

    Case No. 1:20-cv-816

    Hon. Hala Y. Jarbou

MICHIGAN DEPARTMENT OF
CORRECTIONS, et al.,

    Defendants.
_____/

**ORDER**

This is a civil rights action under 42 U.S.C. § 1983, filed by a prisoner incarcerated by the Michigan Department of Corrections ("MDOC"). On March 8, 2022, the magistrate judge issued a report and recommendation that the Court grant Defendant Wilson's motion for summary judgment based on failure to exhaust administrative remedies. (*See* R&R, ECF No. 51.) Before the Court is Plaintiff's objection to the R&R. (ECF No. 55.)

In a previous order considering Plaintiff's objection, the Court explained that the magistrate judge did not consider whether Plaintiff's PREA grievance filed on April 7, 2018, exhausted a claim that Defendant Wilson strip searched Plaintiff on April 5, 2018, in retaliation for Plaintiff's verbal questions/objections to a strip search by Wilson on March 26, 2018.

Defendant responded to Plaintiff's objection by pointing out that, per MDOC policy, a PREA grievance can only exhaust claims related to harassment and sexual abuse; it cannot exhaust a retaliation claim. Indeed, the MDOC's response to Plaintiff's PREA grievance states:

> Only allegations of sexual abuse/harassment are being addressed in this PREA investigation. You must submit a new grievance in accordance with PD-03.02.130 "Prisoner/Parolee Grievances["]: for any issue not related to sexual abuse/harassment.

(PREA Grievance Resp., ECF No. 1-4, PageID.21.)  Similarly, this Court has explained in another case that

> MDOC Policy Directive 03.03.140 limits the PREA grievance process to the administrative exhaustion of sex abuse claims:
>
> > *Any PREA Grievance containing issues other than sexual abuse shall be denied and returned to the prisoner with instructions to submit the grievance in accordance with PD 03.02.130 "Prisoner/Parolee Grievances."* Any PREA grievance containing multiple issues, which include sexual abuse and non-sexual abuse issues, shall be processed in accordance with this policy in order to address the allegations of sexual abuse only. The prisoner shall be notified in the PREA Grievance response that s/he must submit a new grievance in accordance with PD 03.02.130 to address any concerns not related to sexual abuse.

*Johnson v. Gust*, No. 1:19-CV-682, 2021 WL 1092665, at *9-10 (W.D. Mich. Feb. 26, 2021) (quoting MDOC Policy Directive 03.03.140 ¶ II), *report and recommendation adopted*, 2021 WL 1091549 (W.D. Mich. Mar. 22, 2021).  Consequently, the prisoner in *Johnson* "could not use the PREA grievance procedure to exhaust a First Amendment retaliation claim." *Id.* at *10.

Because Defendant first raised the argument that a PREA grievance cannot exhaust a retaliation claim when responding to Plaintiff's objections, the Court gave Plaintiff an opportunity to address that argument.  Plaintiff has now done so.  (*See* Pl.'s Resp., ECF No. 60.)

Plaintiff argues that the MDOC did not comply with its policy because it never gave him notice that he should submit a separate grievance regarding the retaliation claim.  But the evidence that he has submitted belies this assertion.  The MDOC's response to Plaintiff's PREA Grievance, which is attached to Plaintiff's complaint, expressly states that "[o]nly allegations of sexual abuse/harassment are being addressed in this PREA Investigation," and that Plaintiff "must submit a new grievance . . . for any issue not related to sexual abuse/harassment."  (PREA Grievance Resp., PageID.21.)  Although Plaintiff contends that retaliation for protected conduct was the *motive* for the strip search, that motive is an issue separate and distinct from whether Wilson

2

actually subjected Plaintiff to sexual abuse/harassment. The MDOC's response to his PREA grievance made clear that the PREA grievance process only addresses the sexual abuse/harassment itself. In other words, it does not address First Amendment violations. Thus, Plaintiff should have known that his First Amendment retaliation claim required a separate grievance.

Plaintiff also contends that a separate grievance alleging retaliation would have been rejected as duplicative of his PREA grievance. That contention is unsupported. It is also inconsistent with the MDOC's policy regarding PREA grievances, and with the MDOC's response to his PREA grievance, both of which indicate that a prisoner can use the regular grievance process to raise issues other than sexual harassment/abuse, even if those issues have already been raised in a PREA grievance. Thus, the Court agrees with Defendant that Plaintiff's PREA grievance did not exhaust any retaliation claims.

In short, the R&R explains why Plaintiff has not exhausted his claims against Wilson concerning retaliation for Plaintiff's act of filing the PREA grievance. And this order explains why the PREA grievance did not exhaust any claims against Wilson concerning retaliation for any of Plaintiff's protected conduct *before* the PREA grievance. Thus, Wilson is entitled to summary judgment because there is no genuine dispute that Plaintiff did not exhaust his retaliation claims against Wilson.

Accordingly,

**IT IS ORDERED** that the R&R (ECF No. 51) is **APPROVED** and **ADOPTED IN PART** as the opinion of the Court insofar as it explains why Plaintiff has not exhausted his claims against Wilson concerning retaliation for Plaintiff's act of filing the PREA grievance.

**IT IS FURTHER ORDERED** that, for the reasons herein and in the R&R, Defendant Wilson's motion for summary judgment (ECF No. 47) is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendant Wilson is **DISMISSED WITHOUT PREJUDICE** due to Plaintiff's failure to exhaust available administrative remedies.

Dated:  May 20, 2022                    /s/ Hala Y. Jarbou
                                        HALA Y. JARBOU
                                        UNITED STATES DISTRICT JUDGE