UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NOSAKHARE ONUMONU #303121,

               Plaintiff,                               Hon. Hala Y. Jarbou

v.                                                Case No. 1:20-cv-816

MICHIGAN DEPARTMENT OF
CORRECTIONS, et al.,

               Defendants.

_____/

## REPORT AND RECOMMENDATION

This matter is before me on Plaintiff's Motion for Summary Judgment. (ECF No. 65.) Defendants have filed a response, which they support with affidavits. (ECF No. 70–70-5.) Plaintiff failed to file a timely reply. Pursuant to 28 U.S.C. § 636(b)(1)(B), I recommend that the motion be **DENIED**.

## BACKGROUND

Plaintiff, a prisoner currently incarcerated with the Michigan Department of Corrections (MDOC) at Lakeland Correctional Facility, filed his complaint in this case on August 26, 2020, alleging claims based on events that occurred while Plaintiff was incarcerated at Ionia Correctional Facility (ICF) during 2018. Plaintiff's claim against Defendant Wilson was dismissed on May 20, 2022, based on Plaintiff's failure to exhaust his administrative remedies. (ECF No. 62.) Plaintiff's remaining claim in this case is that Defendants Bledsoe, Floyd, Tunell,[1] Betterly, and Downing retaliated against him in violation of his rights under the First Amendment. In particular, Plaintiff

---

[1] Plaintiff has incorrectly named Defendant Tunell as Defendant Tunnel in his complaint. The Clerk will be directed to correct the docket report to reflect Tunell's correct name.

alleges that he filed a Prison Rape Elimination Act (PREA) grievance against Defendant Wilson on April 5, 2018, and that Defendants retaliated against him on June 10, 2018, by pointing their shotguns at Plaintiff and his parents as they sat in ICF's visiting room. (ECF No. 1 at PageID.5–6.) Defendants deny that they pointed their shotguns at the visiting room window in retaliation for Plaintiff's PREA grievance against Defendant Wilson. Rather, they assert that they were conducting a training exercise and were unaware that anyone was using the visiting room at the time they pointed their shotguns in that direction. (ECF No. 70-1 at PageID.325–26; ECF No. 70-2 at PageID.329–30; ECF No. 70-3 at PageID.333–34; ECF No. 70-4 at PageID.337–38; ECF No. 70-5 at PageID.341–42.)

## SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate if there is no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). Material facts are facts that are defined by substantive law and are necessary to apply the law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute is genuine if a reasonable jury could return judgment for the non-moving party. *Id.*

The court must draw all inferences in a light most favorable to the non-moving party but may grant summary judgment when "the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." *Agristor Fin. Corp. v. Van Sickle*, 967 F.2d 233, 236 (6th Cir. 1992) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)).

While a moving party without the burden of proof need only show that the opponent cannot sustain his burden at trial, a moving party with the burden of proof faces a "substantially higher hurdle." *Arnett v. Myers*, 281 F.3d 552, 561 (6th Cir. 2002). Where the moving party has the burden, "his showing must be sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir.

2

1986). The Sixth Circuit has emphasized that the party with the burden of proof "must show that the record contains evidence satisfying the burden of persuasion and that the evidence is so powerful that no reasonable jury would be free to disbelieve it." *Arnett*, 281 F.3d at 561 (quoting *Cockrel v. Shelby Cnty. Sch. Dist.*, 270 F.3d 1036, 1056 (6th Cir. 2001)). Accordingly, summary judgment in favor of the party with the burden of persuasion "is inappropriate when the evidence is susceptible of different interpretations or inferences by the trier of fact." *Hunt v. Cromartie*, 526 U.S. 541, 553 (1999).

## DISCUSSION

In order to state a First Amendment retaliation claim, a plaintiff must establish that: (1) he engaged in protected conduct; (2) the defendant took an adverse action against him "that would deter a person of ordinary firmness from continuing to engage in that conduct;" and (3) the adverse action was taken (at least in part) because of the protected conduct. *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (en banc). "An inmate has a First Amendment right to file grievances against prison officials, provided that the grievance is non-frivolous." *Smith v. Craven*, 61 F. App'x 159, 162 (6th Cir. 2003) (citing *Smith v. Campbell*, 250 F.3d 1032, 1037 (6th Cir. 2001), and *Herron v. Harrison*, 203 F.3d 410, 415 (6th Cir. 2000)).

Plaintiff asserts in his motion that

their [sic] is no dispute to the material facts to whether these defendants pointed and aimed shotguns directly at this plaintiff and this plaintiff's parents during their visit with plaintiff on June 10, 2018, at the Ionia Corr. Facility as retaliation for plaintiff filing a PREA grievance against their fellow corrections officer R. Wilson.

(ECF No. 65 at PageID.297.) Plaintiff further notes that Defendants Bledsoe, Floyd, Tunell, Betterly, and Downing concede that Plaintiff exhausted his administrative remedies with regard to his retaliation claim against them. (*Id.* at PageID.298.)

First, exhaustion of administrative remedies is an affirmative defense, *see Mattox v. Edelman*, 851 F.3d 583, 590 (6th Cir. 2017), that Defendants have elected not to assert. But whether or not Defendants chose to assert this defense has no bearing on whether Plaintiff can establish the merits of his claim. The simple fact that Defendants concede that Plaintiff exhausted his administrative remedies does not automatically mean that he prevails on his claim. Instead, he must establish with admissible evidence all of the elements set forth above. Thus, to the extent Plaintiff's motion is aimed at the lack of a dispute over exhaustion, he is not entitled to relief.

Second, to the extent Plaintiff seeks summary judgment on his retaliation claim, he has wholly failed to carry his burden. Plaintiff bears the burden of proving that his protected conduct—here, the filing of his PREA grievance—motivated the alleged retaliatory action. *Maben v. Thelen*, 887 F.3d 252, 262 (6th Cir. 2018) (citing *Thaddeus-X*, 175 F.3d at 394). As noted above, Plaintiff "must show that the record contains evidence satisfying the burden of persuasion and that the evidence is so powerful that no reasonable jury would be free to disbelieve it." *Arnett*, 281 F.3d at 561 (quoting *Cockrel v. Shelby Cnty. Sch. Dist.*, 270 F.3d 1036, 1056 (6th Cir. 2001)).

Plaintiff does not even argue that he has met this difficult burden, and has presented no evidence showing that no reasonable jury could find for Defendants. For example, as the Court noted in its screening opinion allowing this claim to proceed, "it is far from clear that Plaintiff's PREA grievance was nonfrivolous." (ECF No. 9 at PageID.83.) Plaintiff has presented no evidence or argument demonstrating that his PREA grievance was, in fact, nonfrivolous. In addition, Plaintiff has presented no evidence to establish the requisite causal connection. That is, he has set forth no evidence showing that Defendants were aware of Plaintiff's PREA grievance against Wilson or that Defendants pointed their shotguns at the visiting room window *because of* Plaintiff's PREA grievance. That the shotgun incident happened more than two months after

Plaintiff filed his PREA grievance is not enough to establish conclusively the requisite causal connection. *See Smith*, 250 F.3d at 1038 (concluding that temporal proximity between filing of grievances and the alleged adverse action was insufficient, by itself, to establish a causal connection). Given Plaintiff's failure to show that no reasonable jury could find for Defendants, Defendants were not even required to submit evidence refuting Plaintiff's claim. Nonetheless, they have done so through their affidavits setting forth facts refuting Plaintiff's factual contentions and affirmatively demonstrating that Plaintiff is not entitled to summary judgment on his retaliation claim.

## CONCLUSION

For the foregoing reasons, I recommend that the Court **deny** Plaintiff's Motion for Summary Judgment. (ECF No. 65.)

Dated: July 22, 2022                               /s/ Sally J. Berens
                                                  SALLY J. BERENS
                                                  U.S. Magistrate Judge

## NOTICE

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within 14 days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).