UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NOSAKHARE ONUMONU,

    Plaintiff,

v.

    Case No. 1:20-cv-816

    Hon. Hala Y. Jarbou

MICHIGAN DEPARTMENT OF
CORRECTIONS, et al.,

    Defendants.
_____/

## ORDER

    This is a civil rights action filed by a prisoner. Plaintiff Nosakhare Onumonu claims that Defendants retaliated against him for filing a Prison Rape Elimination Act (PREA) grievance. Specifically, he contends that Defendants Bledsoe, Floyd, Tunell, Betterly, and Downing retaliated by pointing shotguns at him and his parents as they sat in the waiting room at the prison facility. Plaintiff filed a motion for summary judgment. The magistrate judge issued a Report and Recommendation (R&R, ECF No. 76) recommending that the Court deny that motion. Before the Court are Plaintiff's objections to the R&R (ECF No. 80). For the reasons herein, the Court will overrule Plaintiff's objections, adopt the R&R, and deny his motion for summary judgment.

### I. Standard

    Under 28 U.S.C. § 636(b)(1) and Rule 72 of the Federal Rules of Civil Procedure, the Court must conduct *de novo* review of those portions of the R&R to which objections have been made. Specifically, the Rules provide that:

> The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

Fed. R. Civ. P. 72(b)(3).

## II. Background

Plaintiff asserted in his motion for summary judgment that there is no genuine dispute that he exhausted his claims against Defendants, and that they pointed their weapons at him and his parents in retaliation for filing a PREA grievance on officer Wilson. However, Plaintiff did not support his motion with any evidence.

The magistrate judge noted that Plaintiff had not argued or demonstrated that his PREA grievance was protected conduct, and it is far from clear that the grievance was nonfrivolous. (R&R 4.) Also, Plaintiff had not established a causal connection between the grievance and the allegedly retaliatory action because Defendants have all stated in affidavits that they were not even aware of Plaintiff's PREA grievance and Plaintiff has not set forth any evidence to the contrary. (*Id.*) In addition, Defendants contend in their affidavits that they were performing a drill and were not aware that anyone was in the visiting room when they pointed their weapons at the window to the visiting room. (R&R 2.) Plaintiff offered no evidence to the contrary, let alone evidence that would compel a reasonable jury to find in Plaintiff's favor.

## III. Plaintiff's Objections

In his objections, Plaintiff sets forth facts and provides exhibits to buttress his claim. These additional facts and exhibits are not properly before the Court at this time because Plaintiff did not present them to the magistrate judge when seeking summary judgment. Consequently, he did not give Defendants an opportunity to respond to them or give the magistrate judge an opportunity to consider them. "[A]bsent compelling reasons, [the Magistrate Judges Act] does not allow parties to raise at the district court stage new arguments or issues that were not presented to the magistrate." *Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000). Here, there are no compelling reasons for this Court to consider Plaintiff's new arguments and evidence.

Plaintiff critiques the magistrate judge for failing to "consider the whole record," but it is Plaintiff's responsibility to identify the relevant portions of the record; it is not the Court's responsibility to create arguments for Plaintiff or to "scour the record" for evidence that might support his motion. *See Parker v. Winwood*, 938 F.3d 833, 839 (6th Cir. 2019). In short, Plaintiff's objections are meritless because they rely on arguments and evidence that he did not present to the magistrate judge. Considering the arguments that Plaintiff made in his motion for summary judgment, the Court discerns no error in the R&R.

Accordingly,

**IT IS ORDERED** that Plaintiff's objections to the R&R (ECF No. 80) are **OVERRULED**.

**IT IS FURTHER ORDERED** that the Report and Recommendation (ECF No. 76) is **APPROVED** and **ADOPTED** as the Opinion of the Court.

**IT IS FURTHER ORDERED** that Plaintiff's motion for summary judgment (ECF No. 65) is **DENIED**.

Dated: September 23, 2022    /s/ Hala Y. Jarbou
                             HALA Y. JARBOU
                             CHIEF UNITED STATES DISTRICT JUDGE