UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NOSAKHARE ONUMONU,

    Plaintiff,

v.

MICHIGAN DEPARTMENT OF
CORRECTIONS, et al.,

    Defendants.
_____/

Case No. 1:20-cv-816

Hon. Hala Y. Jarbou

## **ORDER**

    This is a civil rights action by a prisoner proceeding *in forma pauperis*. The magistrate judge has issued a report and recommendation that the Court grant Defendants' motion for summary judgment and dismiss the case. (R&R, ECF No. 113.) Before the Court are Plaintiff's objections to the R&R (ECF No. 116). Also before the Court is a motion to stay the Court's order denying an appeal (ECF No. 109) and a motion for relief from that same order (ECF No. 111).

    **A. Plaintiff's Objections**

    Under 28 U.S.C. § 636(b)(1) and Rule 72 of the Federal Rules of Civil Procedure, the Court must conduct de novo review of those portions of the R&R to which objections have been made. Specifically, the Rules provide that:

> The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

Fed. R. Civ. P. 72(b)(3).

    The magistrate judge recommends granting Defendants' motion for summary judgment on Plaintiff's retaliation claim because Plaintiff had not provided evidence to establish a causal

connection between Defendants' actions and his protected conduct.  There is no evidence that Defendants were even aware of Plaintiff's protected conduct, let alone that they were motivated by that conduct when they performed a shotgun training drill outside the prison visitation room while Plaintiff was present in that room with his parents.

Plaintiff argues that the magistrate judge improperly placed the burden on Plaintiff to prove that Defendants had knowledge of his protected conduct.  That was not improper.  True, Defendants have the burden of persuasion when moving for summary judgment.  But as the proponent of the retaliation claim, Plaintiff has the burden to provide evidence that would create a genuine dispute of fact as to whether Defendants retaliated against him for his protected conduct.  The purpose of a summary judgment motion is to determine whether there is sufficient evidence to proceed to trial on Plaintiff's claim.  Without some evidence supporting each element of Plaintiff's retaliation claim, that claim fails because there is no factual dispute for a jury to resolve.

Here, Plaintiff speculated that Defendants were aware of his PREA complaint because they monitored him after he filed it.  However, he provided no evidence that they actually did so.  (*See* R&R 9-10.)  Similarly, in his objections, Plaintiff points to a memorandum from Inspector Barber stating that Plaintiff "*may* be monitored" during the investigation of his PREA complaint.  (*See* 4/11/2018 Mem., ECF No. 1-4, PageID.21.)  That document does not indicate whether anyone, let alone any of the Defendants, actually monitored Plaintiff.  Thus, it does not permit a reasonable inference that Defendants were aware of Plaintiff's protected conduct.

Plaintiff also speculates that some of the Defendants were aware of his PREA grievance by nature of their position.  According to Plaintiff, Defendant Bledsoe "was the first shift supervisor and privileged to Information and Intelligence sharing," and Defendant Betterly "was [Plaintiff's] first shift regular unit officer, and would be assigned to monitor him[.]"  (Pl.'s Objs.,

PageID.894.) These assertions are not sufficient. Speculation about Defendants' actions and knowledge does not suffice to create a genuine dispute of material fact.

Next, Plaintiff contends that the magistrate judge misinterpreted his deposition testimony when assessing whether Plaintiff had any basis for claiming that Defendants were aware of his protected conduct. The magistrate judge stated:

> In his deposition, when asked whether he had any basis to believe that Defendant Bledsoe was aware of the PREA complaint, Plaintiff stated, "Other than just mentioning me by name, no." (ECF no. 94-3 at PageID.711.)

(R&R 8.) However, Plaintiff notes that the question asked of him was slightly different. It asked whether Bledsoe "had ever *said anything* that would make [Plaintiff] believe that [Bledsoe] knew [Plaintiff] filed a PREA complaint[.]" (Onumonu Dep. 27, ECF No. 116-3.) It did not ask whether Plaintiff had any basis at all for believing that Bledsoe was aware of the PREA complaint.

Although the magistrate judge phrased her description of Plaintiff's testimony differently than the actual question posed to Plaintiff, the difference is not material. The magistrate judge also discussed Plaintiff's other arguments regarding causation. She did not assume that Plaintiff's testimony alone resolved the issue. Furthermore, the fact remains that Plaintiff has not provided sufficient evidence to support his claim.

Finally, Plaintiff relies upon the unusual nature of Defendants' actions, which the magistrate judge also noted in the R&R, to suggest that Defendants retaliated against him. (*See* R&R 11.) But those circumstances are not sufficient for a jury to draw a reasonable inference that Plaintiff's protected conduct motivated Defendants' behavior. In short, the Court discerns no error in the R&R.

### B. Other Motions

Plaintiff's other motions concern his belated attempt to amend and/or supplement his complaint to add his mother as a plaintiff and to add other defendants and claims to the case. He

3

filed that motion in September 2022, long after the three-year statute of limitations for his claims under 42 U.S.C. § 1983 had expired.[1] The magistrate judge previously explained why amending and/or supplementing the complaint was not timely and not warranted. (10/7/2022 Order, ECF No. 92.) The Court affirmed that decision when denying Plaintiff's appeal of the magistrate judge's order. (11/7/2022 Order, ECF No. 107.)

Plaintiff now seeks relief from the Court's decision regarding his appeal. He contends that he wishes to add the names of previously unidentified defendants (Ferguson and Gardner) because he was not afforded an opportunity to learn their names in a timely fashion through discovery. On the contrary, the Court gave the parties ample time for discovery. The Court permitted discovery in its case management order entered on November 30, 2021, and in its amended case management order entered on May 23, 2022.

Plaintiff asserts that he tried to obtain discovery from Defendants regarding the identities of the unknown defendants in December 2021, but he relied on an assertion by Defendants' attorney that Defendants' January 7, 2022, motion for summary judgment about exhaustion of remedies stayed all discovery other than discovery related to the exhaustion issue. (*See* 1/7/2022 Letter to Pl., ECF No. 111-1.) Consequently, Plaintiff waited several months until the Court resolved the summary judgment motion before pursuing further discovery. However, the Court's case management order expressly stated that, in order to obtain a stay, Defendants had to file a motion requesting one; it also stated that "*[a]bsent the issuance of an order staying or limiting discovery*, all discovery by or against a defendant must be completed by 3/30/2022." (11/30/2021 Case Management Order, ECF No. 40, PageID.190 (emphasis added).) Defendants never filed a

---

[1] The complaint concerns events in March through June of 2018. Plaintiff contends that he completed the grievance process on November 18, 2018, which by his calculations means that the limitations period expired on October 17, 2021. (Mot. for Relief, ECF No. 111, PageID.853.) *See Brown v. Morgan*, 209 F.3d 595, 596 (6th Cir. 2000) (statute of limitations tolled while available state remedies are exhausted).

4

motion to stay discovery and the Court never issued an order staying or limiting it. Thus, while Plaintiff waited, discovery continued.

The magistrate judge explained why Plaintiff's proposed amendments to his complaint were not warranted and were not timely because they did not satisfy the relation-back rule in Rule 15(c) of the Federal Rules of Civil Procedure. (*See* 10/7/2022 Order, ECF No. 92.) Plaintiff argues that the Court's case management order setting deadlines for amending the pleadings, as well as the Court's order staying the case for purposes of mediation, extended or equitably tolled the statute of limitations. That is not the case. The Court's orders did not extend or toll the statute of limitations period.

Plaintiff argues that he is entitled to equitable tolling so that he can amend his complaint after the statute of limitations expired. He points to his efforts at obtaining the names of the previously-unidentified defendants, Ferguson and Gardner, during the discovery process through his motions to compel. But as Plaintiff himself admits, he waited several months to pursue discovery while the Court resolved Defendants' motion for summary judgment on exhaustion, even though the Court's case management order expressly stated that discovery would continue unless the Court entered an order to stay discovery. These actions suggest that Plaintiff did not exercise diligence, as equitable tolling requires.

Moreover, granting equitable tolling to permit claims against Ferguson and Gardner would serve no purpose here because Plaintiff's proposed amended complaint against Ferguson and Gardner does not state a viable federal claim against them.[2] (*See* Proposed Am. Compl., ECF No. 89-1.) They allegedly participated in the shotgun training drill along with the other

---

[2] In the absence of a federal claim, the Court would decline to exercise supplemental jurisdiction over any state-law claims. 28 U.S.C. § 1367(c)(3).

defendants. Plaintiff claims that they conducted this drill in retaliation for his protected conduct, but just as Plaintiff's evidence does not support a retaliation claim against the other defendants, no allegations in the proposed amended complaint support Plaintiff's belief that Ferguson or Gardner participated in the drill in order to retaliate against Plaintiff for his protected conduct. Also, the facts alleged do not support Plaintiff's proposed Eighth Amendment claim. (*See id.*, PageID.854.) Pointing a gun in Plaintiff's direction does not constitute deliberate indifference to a serious risk of harm.

Plaintiff also wishes to add his mother as a plaintiff. Plaintiff initially attempted to do so on her behalf. He did not provide a copy of the complaint with her signature. He has now attempted to rectify that failing. However, Plaintiff's efforts are too late. Plaintiff brought this action in August 2020. Since then, the discovery process has completed and the dispositive motion deadline has long passed. Justice would not be served by permitting Plaintiff to add new claims or new parties at this stage of the proceedings. Therefore, the Court will deny Plaintiff's motion to stay the Court's November 7, 2022, order. The Court will also deny his motion for relief from that order.

### C. Unidentified Defendants

After dismissal of the named defendants, the only defendants remaining are the four unidentified defendants that Plaintiff sued in his original complaint. As discussed above and in the magistrate judge's October 7, 2022, order, Plaintiff attempted to amend his complaint to identify these Defendants, but he did not do so in a timely manner. Furthermore, his proposed amended complaint did not state a viable federal claim against them. Therefore, the Court will dismiss these Defendants for lack of service and lack of prosecution.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion to stay and motion for relief from the Court's order (ECF Nos. 109, 111) are **DENIED**.

**IT IS FURTHER ORDERED** that the R&R (ECF No. 113) is **APPROVED** and **ADOPTED** as the opinion of the Court.

**IT IS FURTHER ORDERED** that Defendants' motion for summary judgment (ECF No. 93) is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendants Betterly, Bledsoe, Downing, Floyd, and Tunnel are **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that the unnamed Defendants (Unknown Party #1 - #4) are **DISMISSED**.

**IT IS FURTHER ORDERED** that the Court declines to certify that an appeal by Plaintiff would not be taken in good faith.  *See* 28 U.S.C. § 1915(a)(3).

A judgment will enter in accordance with this order.

Dated: February 21, 2023                           /s/ Hala Y. Jarbou
                                                    HALA Y. JARBOU
                                                    CHIEF UNITED STATES DISTRICT JUDGE